No. 18,695.

*In re* the Appeal of NOAH ARTZ from Survey No. 647, etc. (NOAH ARTZ, *Appellant;* CHARLES H. BUSKIRK, as County Surveyor, etc., et al., *Appellees*).

SYLLABUS BY THE COURT.

1. SURVEYOR'S REPORT — *Appeal Bond — Sufficiently Definite — Filed in Time.* Under the facts of this case, the notice of appeal was as definite as the report of the county surveyor would permit, and was sufficient to notify all parties as to the particular survey appealed from.

2. SAME. The notice of appeal and bond for costs were filed in time.

Appeal from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed March 7, 1914. Reversed.

*G. W. Miller, George J. Benson,* and *T. A. Kramer,* all of El Dorado, for the appellant.

*H. W. Schumacher,* and *C. L. Aikman,* both of El Dorado, for the appellees.

The opinion of the court was delivered by

SMITH, J.: The journal entry of the proceedings in this case in the district court, after reciting the date of the hearing and the appearance of the parties, including the county surveyor, recites:

"Thereupon said Lewis H. Hinnen and Edward L. Hinnen, by their said attorneys, made an oral motion to dismiss said appeal for the reasons that no notice has ever been served as by law required upon the Appellees, and that the pretended notice served upon the Appellees does not state the time when the survey was made, but purports to appeal from a survey made on the 11th day of April, 1912, and no notice of appeal was ever served upon these Appellees of the completion of the survey made by the surveyor herein, and that the notice served is contrary to law and insufficient and void, and also that no appeal bond was filed within thirty days from the time of the filing of said survey, as by law required, and no appeal bond was filed at the time of the pretended notice was given to the surveyor and no appeal bond was filed as by law required, and that this court, by reason of the premises, has no jurisdiction of the matter. Thereupon the Attorneys for Appellant Noah Artz offered to show that G. W. Miller, one of the Attorneys for Appellant prior to preparing the notice of appeal and the bond in appeal, asked the County Surveyor, Chas. W. Buskirk, when the survey was made, and that he informed him that it was made on the 3d, 4th, 5th and 11th days of April, 1912, to which offer the Appellant objected as incompetent, irrelevant and immaterial and not the best evidence, and original survey having been filed and is a Public record, and the evidence offered is hearsay. Which objection was by the Court sustained and the offer made by the Appellant was by the Court refused. To which ruling of the Court sustaining said objection and refusing said offer Appellant Noah Artz excepted. And the Court, after hearing the argument of Counsel, and being fully advised in the premises, sustained said motion to dismiss said appeal, on the grounds that the notice of appeal was insufficient. To which ruling of the Court defendant Noah Artz excepted.

"It is therefore by the Court considered, ordered and adjudged that the said appeal of Noah Artz from said survey Number 647, made by Chas. W. Buskirk, County Surveyor of Butler County, Kansas, be and hereby dismissed, and the Appellees do have and recover of and from the Appellant, Noah Artz, the costs made on said appeal, taxed at $ . . . . . . and hereof let execution issue. To which order and judgment of the Court, Appellant Noah Artz excepted."

It is contended by the parties designated as appellees that the recital of the appearance of parties in the journal entry is incorrect, but no motion was made to amend the journal entry in the trial court and, of course, no correction or change can be made here.

The notice to landowners, by the county surveyor, was that he would begin the survey of certain lands, describing them, on April 2, 1912 (or the following day). The report of the surveyor filed in his office, so far as material to this hearing, is as follows:

"I sent F. A. Palmer up to the site of Survey on the second of April, 1912, to search for corner rocks & monuments & on the 3 day of April, 1912 I began work on the S.E. corner of Sec. 17-24-4, there being present Messrs. Jas. D. Harrison, Joe King, Lewis H. & Edw. L. Hinnen, W. W. Kemper, J. C. Adams, Noah Artz, J. Mertz, and Mr. Carlisle. Not all of above appearing at one time but at different times in the Survey. I worked Wednesday April 3, Thurs. April 4 and part of forenoon of Friday April 5: I then adjourned until Tuesday, April 9, 1912, when I returned and finished the survey, setting all corners except the 1-4 corner on the West side of Sec. 18-24-4 which I had set in the forenoon of Friday April 5. Later found had made a mistake in counting distance on S. line of Sec. 18 next to the lake, so in presence of Mr. Artz & his son I re-chained half mile on S. side of S. W. 1-4 of 18-24-4 finding error and resetting the S. E. & the N. E. Corners of the S. W. 1-4 of S. W. 1-4 of 18-24-4."

To the survey was attached a plat of the land surveyed and it is certified as a true and accurate plat of survey No. 647. The notice of appeal, signed by

the appellant, Noah Artz, described the land involved in the survey and notified the surveyor that Artz intended to appeal to the district court of Butler county from the survey made on the 3d, 4th, 5th and 11th days of April, 1912, and also described the survey as No. 647. It was dated October 5, 1912; signed by Artz and filed by the clerk of the district court on the same day. A bond for costs was executed by Artz and two sureties, the sufficiency of which is not questioned, and was filed on the same date, October 5, 1912. The survey was filed September 9, 1912.

As an appeal in such case is allowed, by section 2275 of the General Statutes of 1909, thirty days after the filing of the report of the survey, it will be seen that the appeal, notice of appeal and bond for costs in this case were filed in ample time.

Practically the only question in the case is whether the recital in the notice of appeal as to the time when the survey was made, which was there designated as the 3d, 4th, 5th and 11th days of April, 1912, was a bad notice in that it recited that the survey was made in part on the 11th day of April.

By a reading of the report of the surveyor, above quoted, it will be noticed that it recites that the surveyor worked April 3d, 4th and a part of the 5th and then adjourned until April 9, to which is added, "when I returned and finished the survey." Farther on he says, "Later found had made a mistake . . . so in presence of Mr. Artz & his son I rechained half mile," etc. The report does not show upon what date the survey was completed.

Again, the report shows that on April 4 a controversy arose between the surveyor and Mr. Artz, and the surveyor agreed to take the matter up and gave Artz until April 20, to investigate on his own account. Whether the survey was finished on April 11 or not does not appear, although the entire survey made by the surveyor does appear in his report. The most that

can be said is that while the surveyor reported that he finished the survey on the 9th, in the same report he says he made a part of the survey thereafter without fixing the date. It also appears that in certifying the plat of the survey made, he designates it as No. 647, and the notice of appeal and the bond for costs, in addition to the other information given therein, designates it as survey No. 647.

It is true the court correctly held that the record could not be supplemented by oral evidence; it is also true that no one could be misled as to the particular survey from which the appeal was taken. In fact the court, in a signed journal entry, designated the survey as No. 647.

The order dismissing the appeal is reversed and the case is remanded with instructions to vacate the judgment for costs and to grant a new trial.